UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISIVLLE DIVISION

| | | |
|---|---|---|
| VICI MEDIA LLC<br>13327 Ridgemoor Drive<br>Prospect, Kentucky  40059 | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | Civil Action No. <u>3:15-CV-774-JHM</u> |
| VICE MEDIA CANADA, INC. | : | |
| | : | |
| Vice Media Canada, Inc.<br>127B Rue King<br>Montreal, QC  H3C 2P2 | : | |
| | : | |
| | : | |
| | : | |
| | : | Judge: |
| Defendant | : | |
| | : | Jury Trial Demanded |

**Vici Media LLC's Petition for Declaratory Judgment of Non-Infringement of Trademark Rights and for Cancelation of Defendant's Trademark Registrations**

Vici Media LLC ("Plaintiff" or "Vici") brings this action for declaratory judgment and affirmative Complaint and alleges against Defendant Vice Media Canada, Inc. (hereinafter collectively "Defendant" or "Vice") as follows:

**Nature of Action**

1.      Vici seeks a declaration that its use of Vici Media trademarks and trade names does not infringe Defendant's rights in any way.

2.      Vici also seeks to have two of Defendant's trademark registrations canceled in part as the Defendant is not using its registered mark in connection with some of the services recited in the corresponding registrations.

**The Parties**

3.    Plaintiff is a Kentucky limited liability company with offices at 13327 Ridgemoor

Drive, Prospect, Kentucky 40059, and is qualified to do business, and is doing business, in the

Commonwealth of Kentucky and in this judicial district.

4.    On information and belief, Defendant Vice Media Canada Inc. is a Canadian

company, having its principal place of business in Montreal, Canada and is transacting business

in the Commonwealth of Kentucky and in this judicial district.

**Jurisdiction and Venue**

5.    The Court has jurisdiction over this declaratory judgment action pursuant to the

Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201(a) and 2202, as well as under 28 U.S.C.

§§ 1331, 1332, 1367(a) and 1338(a) and (b), and the Lanham Act, 15 U.S.C. § 1121.

6.    The Court has personal jurisdiction over Defendant because, on information and

belief, Defendant solicits and transacts business in the Commonwealth of Kentucky, within this

judicial district.

7.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and

1400(a).

**Facts**

**The Vici Marks and Services**

8.    Vici repeats the allegations contained in paragraphs 1 through 7 of this

Complaint, as if fully set forth herein.

9.    Vici (pronounced \'vē-chē\) is a full-service digital marketing agency based in

Louisville, Kentucky thatspecializes in building online campaigns for third-party clients and

utilizes a multi-platform approach to digital marketing that includes targeted internet display

advertising, mobile and video pre-roll advertising, retargeting campaigns, Pay-Per-Click, SEO, mobile websites, and IP targeting; and trains third parties in selling these campaigns (the "Vici Services").

10.     Vici uses the VICI MEDIA word mark and the following logo in connection with the offering, promotion, and rendering of the Vici Services:



(the "VICI MEDIA Marks.")

11.     Vici has used the VICI MEDIA Marks in connection with the Vici Services since at least as early as April 2014.

12.     Vici does not use the VICI MEDIA Marks in connection with the creation of any original content for the direct purpose of generating revenue; instead, it uses the VICI MEDIA Marks in connection with services it provides to advertisers to assist with the placement of advertising campaigns on the internet.

13.     On or about July 3, 2014, Vici filed two U.S. Trademark Applications, subsequently assigned Serial Nos. 86/327,920 and 86/327,921, for the VICI MEDIA Marks for use in connection with the Vici Services, as follows (the "VICI MEDIA Trademark Applications"):

> "Advertising and marketing services provided by means of indirect methods of marketing communications, namely, social media, search engine marketing, inquiry marketing, internet marketing, mobile marketing, blogging and other forms of passive, sharable or viral communications channels; Online advertising and promotional services; Preparing and placing advertisements for others; Providing advertising, marketing and promotional services, namely, development of advertising campaigns for digital media; Search engine optimization" in Class 35; and

"Design and creating web sites for others" in Class 42.

### The Vice Marks and Services

14.     Defendant Vice (pronounced \'vīs\), on the other hand, bills itself as the "the world's leading youth media company specializing in creating, distributing, and monetizing original content globally", creating and providing its own original content (for example, on-line news stories) to consumers and subscribers globally (the "Vice Services").

15.     Defendant uses the VICE word mark and the following logo in connection with the Vice Services:



(the "VICE Marks").

16.     On information and belief, Defendant does not perform digital marketing services for third-party clients; rather, any advertising or promotion that Defendant provides is ancillary to the Vice Services and is not offered as a service to third-parties other than to promote its own media services.

17.     Defendant owns the following U.S. Trademark Registrations for the VICE Marks (the "VICE Registered Marks"):   3339714, 3324340, 3391928, 3612483, 3464386, 3499169, 2312005, 3687609, 4625064, 4625063, 4652423, 4649171.

### The VICI MEDIA Trademark Applications

18.     The Examining Attorney assigned to the VICI MEDIA Trademark Applications reviewed 143 possible conflicting registrations that included all 12 registrations owned by Defendant.

19.     After reviewing these records, the Examining Attorney did not raise any of Defendant's registrations as perceived conflicts with the VICI MEDIA Trademark Applications.

20.     The Examiner, however, did cite 21 third-party registrations and 4 third-party prior pending applications as a basis for her refusal to register the VICI MEDIA Trademark Applications, as argued in an Office Action dated on or about October 22, 2014.

21.     Vici responded to the refusal by providing arguments against these refusals on or about April 22, 2015.  Having found Vici's arguments persuasive, the Examining Attorney passed the applications to publication on or about May 7, 2015.

22.     The Trademark Office published the applications on or about July 7, 2015, which triggered a 30-day period for third parties to oppose registration of the applications.

### The Controversy

23.     On or about August 6, 2015, Defendant requested an extension of time to oppose the Vici applications and received an extension up to and including November 4, 2015, to file a Notice of Opposition.

24.     On or about August 24, 2015, Defendant, through counsel, contacted counsel for Vici, alleging that Vici's use of the VICI MEDIA Marks in connection with the Vici Services infringed upon one of more of the VICE Registered Marks and demanded that Vici immediately:

   a.     CEASE and DESIST from any offering, advertising, promoting, selling or distributing of goods or services bearing the VICI MEDIA Mark, the VICE® Mark, or any other trademarks that are confusingly similar to the VICE® Mark;

   b.     CEASE and DESIST from all use of the domain name vicimediainc.com and any other domain names that are confusingly similar to the VICE® Mark, and take immediate steps to transfer the domain name to Vice Media;

c.      Expressly abandon the VICI MEDIA Applications and provide Vice

Media with written evidence of same; and

d.      File with the Kentucky Secretary of State to change its registered entity

name and provide Vice Media with written evidence of same.

25.     The parties were not able to reach a resolution as to these issues.

26.     Defendant and Vici are not competitors.

27.     Defendant and Vici do not offer the same services.

28.     Defendant and Vici are not in the same marketplace.

29.     The VICI MEDIA Marks and the VICE Marks are distinct and different in sound,

appearance, and connotation as applied to the respective services and conjure distinct

commercial impressions.

30.     Vici is not aware of a single instance of actual confusion despite the VICI

MEDIA Marks and the VICE Marks existing in their respective marketplaces for their respective

services for nearly a year and a half.

31.     On information and belief, Defendant is not aware of a single instance of actual

confusion despite the VICI MEDIA Marks and the VICE Marks existing in their respective

marketplaces for their respective services for nearly a year and a half.

32.     No likelihood of confusion exists between the parties' respective uses of their

marks because there is no confusing similarity between the VICI MEDIA Marks and the VICE

Marks.

33.     No likelihood of confusion exists between the parties' respective uses of their

marks because the VICI MEDIA Marks and the VICE Marks travel in different trade channels

and reach different consumers.

34.     The U.S. Patent and Trademark Office did not object to registration of the VICI MEDIA Marks on the basis of likelihood of confusion with the VICE registrations, despite Defendant having cited 12 VICE Registered Marks in its cease and desist demands and despite VICE Registration Nos. 3391928 and 4649171 having "advertising and marketing" listed in their respective recitation of services.

35.     Based upon all of the above, the VICI MEDIA Marks cannot and do not create any likelihood of confusion in the marketplace as to the VICE Marks; cannot and do not infringe upon Defendant's VICE Marks; the VICI MEDIA Trademark Applications do not conflict with Defendant's VICE Mark Registrations; and Vici's use of its VICI MEDIA Marks have not and cannot cause any harm or damage to Defendant.

## Count I

### Declaratory Judgment for Non-Infringement of Trademark

36.     Vici repeats the allegations contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular Vici's past use and continued use of its VICI MEDIA Marks.

38.     Vici and Defendant have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

39.     Vici seeks a declaratory judgment that its past use and continued use of the VICI MEDIA Marks is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services, or businesses, under the Lanham Act, Kentucky trademark common law, and Kentucky statutory law.

40.     Vici further seeks a declaratory judgment that its past use and continued use of the VICI MEDIA Marks has not and does not jeopardize the goodwill, if any, symbolized by any valid portion of Defendant's registered trademarks, nor does it cause any other injury to Defendant under the Lanham Act or Kentucky trademark common law.

## COUNT II

### Declaratory Judgment – No Unfair Competition
### 15 U.S.C. § 1125(a) and Kentucky Common Law

41.     Vici repeats the allegations contained in paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42.     A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular Vici's past use and continued use of its marks and trade names.

43.     Vici and Defendant have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

44.     Vici seeks a declaratory judgment that its past use and continued use of its VICI MEDIA Marks and trade names is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services, or businesses, and does not unfairly compete with Defendant under the Lanham Act or Kentucky unfair competition common law.

45.     Vici further seeks a declaratory judgment that its past use and continued use of the VICI MEDIA Marks and trade names has not and does not cause any injury under the Lanham Act or Kentucky unfair competition common law.

## COUNT III

### Declaratory Judgment for Determination of No False Designation of Origin
### 15 U.S.C. § 1125(a)

46.     Vici repeats the allegations contained in paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47.     A real and actual dispute, case, and/or controversy exists between the Parties as to a states of facts, in particular Vici's past use and continued use of its VICI MEDIA Marks and trade names.

48.     Vici and Defendant have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

49.     Vici seeks a declaratory judgment that its past use and continued use of the VICI MEDIA Marks and trade names is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation, or as to the origin, sponsorship or approval of the Parties' respective products, services, or businesses, and does not constitute a false designation of origin, under the Lanham Act, 15 U.S.C. § 1125(a).

50.     Vici further seeks a declaratory judgment that its past use and continued use of the VICI MEDIA Marks has not and does not jeopardize the goodwill, if any, symbolized by Defendant's registered trademarks, nor does it cause any other injury to Defendant under the Lanham Act, , 15 U.S.C. § 1125(a).

## Count IV

### Cancelation of Trademark Registration

51.     Vici repeats the allegations contained in paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

*52.*     Two of Defendant's VICE Registered Marks, specifically Registration Nos. 3391928 and 4649171, are registered for use in connection with, *inter alia* "advertising and marketing" in Class 35.

*53.*     Registration No. 3391928 was filed as a use-based application under the provisions of 15 U. S. C. § 1051(a) on or about June 9, 2006.

54.     Registration No. 4649171 was filed as a use-based application under the provisions of 15 U. S. C. § 1051(a) on or about April 28, 2014.

55.     On information and belief, Defendant was not using the VICE Marks in connection with advertising and marketing as of the respective application filing dates for the resulting Registration Nos. 3391928 and 4649171 as required by 15 U. S. C. § 1051(a).

56.     As a result, these registrations are *void ab initio* at least with respect to its recitation of "advertising and marketing" if not in its entirety.

57.     "Advertising and Marketing" encompasses the digital media advertising business wherein a company provides services to advertisers to help them run and place their clients' campaigns on the internet (hereinafter, "Digital Media Advertising").

58.     Defendant does not use the VICE Marks in connection with offering or rendering Digital Media Advertising services, nor has it ever provided Digital Media Advertising services.

59.     Defendant is not using the VICE Marks for use in connection with "advertising and marketing" for third-parties; rather, Defendant uses the VICE Marks for use in connection with services that are ancillary to the provision of media content (e.g., offering advertisement space in its print publications and on its informational websites that provide news and media content) only, and does not provide, nor has ever provided, bona-fide advertising and marketing services to third parties under the VICE Marks.

60.     Vici is damaged by the continuance of the VICE Registered Marks because Defendant has alleged that it has an exclusive right to use the VICE Marks in connection with Advertising and Marketing; that the VICI MEDIA Marks for use in connection with advertising

and marketing is infringing upon the VICE Marks; and has made corresponding demands that Vici cease and desist from using the VICI MEDIA Marks in connection with the Vici Services.

61.    Vici seeks to cancel VICE Trademark Registration Nos. 3391928 and 4649171 in part by having the following stricken from the corresponding recitation of services:

- "advertising and marketing."

61.    This court has the authority to render such cancellation in-part pursuant to 15 U.S.C. § 1119 as Defendants' registrations cover services that are not offered by Defendant; Defendant was not using the VICE Marks for advertising and marketing as of the filing dates of the underlying applications corresponding to VICE Trademark Registration Nos. 3391928 and 4649171; and Defendant has never used its VICE Marks for Digital Media Advertising or for bona-fide advertising and marketing services to third parties, all in violation of the Lanham Act of the United States, 15 U.S.C. § 1051 *et seq.*

## PRAYER FOR RELIEF

A.    Vici's past, present and continued use and registration of Vici's Marks and trade names in connection with its business does not and will not infringe any of Defendant's trademark or trade name rights, or compete unfairly with Defendant, or falsely designate the origin of Vici's products or services, or otherwise constitute a violation of any of Defendant's rights;

B.    Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with them, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Vici's use or registration of Vici's Marks and trade names in connection with its business;

11

C.      Defendant's Registration Nos. 3391928 and 4649171 be canceled for the reasons

stated herein; and

D.      Vici have such other and further relief as the Court may deem just and proper.


Respectfully submitted,



s/ Bart L. Greenwald
Bart L. Greenwald
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY  40202-3363
Ph:  (502) 568-0318
Fax:  (502) 581-1087
bgreenwald@fbtlaw.com


Samantha M. Quimby
FROST BROWN TODD LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, Ohio 43215-3484
Ph:  (614) 464-1211
Fax:  (614) 464-1737
squimby@fbtlaw.com
[Pro Hac Vice to be filed]

*Attorneys for Plaintiff, Vici Media LLC*


0128479.0614159   4846-4831-0057v2

12